[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Alan McWhirter, Public Defender, for Petitioner.
Robert Brunetti, Assistant State's Attorney, for the State.
MEMORANDUM OF DECISION
Date of Sentence February 1, 1991 Date of Application February 1, 1991 Date of Application Filed February 1, 1991 Date of Decision February 25, 1992
BY THE DIVISION CT Page 2555
The petitioner was found guilty by a jury of murder in violation of Connecticut General Statutes Section 53a-54a
and sentenced to a term of imprisonment of fifty (50) years for which he now seeks review.
On May 19, 1989, the Waterbury police were dispatched to a wooded area where they observed the dead body of a black female lying face down. The autopsy revealed the victim had a broken jaw and extensive damage to the left side of her head which caused her death. At the time of her death the victim was eighteen weeks pregnant. The victim's wounds were inflicted with a hammer or crowbar-like tool after an argument over the purchase of drugs. A lengthy investigation led to the petitioner's arrest and conviction.
Statements by the victim's family indicate the murder of their sister and daughter was devastating and emotionally harrowing. The victim was also the mother of two children, ages six and five.
At the time he was sentenced the petitioner was thirty-one years old and had a criminal record that went back fifteen years, primarily consisting of misdemeanors and CT Page 2556 violations of probation.
Counsel for the petitioner argues the sentence was especially harsh because of the perceived lack of remorse on the part of his client. Petitioner, he asserts, does feel badly that the victim's life was taken, but since he did not commit the act, remorse is difficult to exhibit. The sentencing court gave too much weight to the issue of remorse when imposing the fifty (50) years sentence, according to the public defender.
The state points out that the maximum penalty was not imposed and that the victim was killed while on the ground and her body dumped in the wooded area, discovered only after the passage of five to ten days. The petitioner had claimed to have been at the scene but identified another person as having caused the death, although the person identified by the petitioner was incarcerated at the time of the murder.
Boles himself, who was described as "incooperative, obstinate and unwilling to answer any of the questions asked of him. . .very angry and threatening. . ." by the author of the presentence report, continued to deny his involvement in the crime claiming he was "set up" and forced to give a statement.
In imposing the sentence, the judge said he tried to balance the interests of society, the offence and the defendant.
We believe the sentence is fair and not disproportionate in light of the nature of the offense, the petitioner's character and prior criminal history and the protection of the public interest. The sentence is affirmed.
STANLEY, JUDGE
PURTILL, JUDGE
KLACZAK, JUDGE